IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| JOHN BARNES, JR. and JEANETTE BARNES h/w, | HON. JEROME B. SIMANDLE |
|  | Civil No. 13-1285 (JBS-JS) |
| Plaintiffs, |  |
| v. | **OPINION** |
| FOSTER WHEELER CORP., et al., |  |
| Defendants. |  |

APPEARANCES:

James J. Pettit, Esq.
LOCKS LAW FIRM, LLC
457 Haddonfield Road
Suite 500
Cherry Hill, NJ 08002
    Attorney for Plaintiffs John Barnes, Jr. and Jeanette Barnes

Michael A. Tanenbaum, Esq.
SEDGWICK LLP
Three Gateway Center
12th Floor
Newark, NJ 07102
    Attorney for Defendant General Electric Company

**SIMANDLE**, Chief Judge:

I. **INTRODUCTION**

This matter is before the Court on the motion of Plaintiffs John Barnes, Jr., and his wife, Jeanette Barnes ("Plaintiffs"),[1]

---

[1] Both Plaintiffs are now deceased and the action is being pursued by Kimberly M. Barnes, the Executrix of the estates. This is not reflected on our docket but is reflected in the papers removed from state court, specifically Ex. 4, Plaintiffs' Answers to Interrogatories. Accordingly, pursuant to Rule 25, Fed. R. Civ. P., Kimberly M. Barnes, Executrix of the Estates of John Barnes, Jr. and Jeanette Barnes, Decedents, shall be

to remand this action to New Jersey Superior Court. [Docket Item 6.] Defendant General Electric Company ("GE") removed this action pursuant to 28 U.S.C. § 1442(a)(1) on the basis that it acted under the authority, direction and control of an officer or agency of the United States and can state at least a colorable federal law-based "government contractor" defense to Plaintiffs' claims. [Docket Item 1 ¶6.]

The Plaintiffs do not contest GE's basis for removal but argue that GE's notice of removal was untimely filed. The issue before the Court is whether GE removed this action within thirty days of having notice of a basis for federal jurisdiction.

For the reasons discussed below, the Court finds that GE did file its notice of removal in accordance with the thirty-day requirement of 28 U.S.C. § 1446(b). The Court concludes that GE did not have notice of a plausible federal contractor defense until it received Plaintiffs' Answers to Interrogatories. Accordingly, Plaintiffs' motion to remand will be denied.

**II. BACKGROUND**

The instant action arises out of Plaintiff John Barnes, Jr.'s, alleged exposure to asbestos from a variety of products manufactured by Defendants GE, Foster Wheeler Corp., Goulds Pump, Inc., Ingersoll Rand Company Limited, Owens Illinois Incorporated

---

substituted as the party at interest. Plaintiffs' counsel is requested to verify this information and to submit an appropriate Order to amend the caption and pleadings.

and John Doe Corporations from 1952 to the mid-1970s. Plaintiffs filed their complaint in New Jersey Superior Court, Middlesex County, on November 4, 2011, along with an Initial Fact Sheet. [Docket Item 1, Ex. A.] The Complaint alleged the following:

> Plaintiff, **JOHN BARNES, JR.,** was employed as a fireman in the United States Navy from 1952 until 1954. He also worked in the Bricklayers Local Union from 1954 until 1996. In the performance of his duties he continually worked with, used, handled and was caused to come in contact with the asbestos products of the defendants and the asbestos dust fibers resulting form the ordinary and foreseeable use of said asbestos products as more particularly described herein and in upcoming discovery, up to the mid-1970's.

(Compl. ¶ 7.) Plaintiffs' accompanying Initial Fact Sheet alleged that Mr. Barnes worked in the United States Navy from 1952-1954 as a Fireman. (Initial Fact Sheet ¶ 9.) Importantly, Plaintiff did not allege which ships or shipyards he worked at while in the Navy, what products he interacted with or what his responsibilities were as a Fireman.

On January 22, 2013, more than a year after the complaint was filed, Plaintiffs served Defendant GE with a copy of their Answers to Standard Interrogatories. (Def.'s Ex. 4, Interrogatory Responses.) These Interrogatory Responses included more specific allegations regarding Mr. Barnes' exposure to asbestos while employed by the U.S. Navy. In particular, Mr. Barnes alleged that he was exposed to asbestos while aboard the USS Everglades between May 29, 1950 and April 15, 1952. Mr. Barnes also alleged that he was exposed to asbestos from GE

3

turbines, along with other specific products and equipment.  Id.
Plaintiffs do not dispute that these specific allegations were
not contained in either their Complaint or Initial Fact Sheet.

GE was then able to confirm that it manufactured the
turbines on the USS Everglades and all of the turbines were
designed by the Navy and purchased by the Navy for use on that
vessel.  As a result of this new information, GE filed its Notice
of Removal on February 21, 2013, within 30 days of receiving
Plaintiffs' Interrogatory Responses.

**III.  DISCUSSION**

**A.  Standard of Review**

GE removed this action pursuant to 28 U.S.C. § 1442, which
is commonly referred to as the federal officer removal statute.
This statute permits removal of a case from state court when the
action is brought against "[t]he United States or any agency
thereof or any officer (or any person acting under that officer)
of the United States or of any agency thereof, in an official or
individual capacity, for or relating to any act under color of
such office."  28 U.S.C. § 1442(a)(1).

In order to remove a case pursuant to this provision, a
defendant must establish: (1) it is a "person" under the statute;
(2) that it acted under the direction of a federal officer or
agency, (3) that is has a colorable federal defense, and (4) that
there is a causal nexus between the federal direction and the

conduct at issue. Feidt v. Owens Corning Fiberglas Corp., 153 F.3d 124, 127 (3d Cir. 1998).

"While removal under 28 U.S.C. § 1441 is to be strictly construed, with doubts resolved in favor of remand, the federal officer removal statute, by contrast, is to be broadly construed in order to liberally grant federal officers access to a federal forum." In re Asbestos Products Liab. Litig. (No. VI), 770 F. Supp. 2d 736, 741 (E.D. Pa. 2011)(citations omitted).

The timeliness of removal under Section 1442 is governed by 28 U.S.C. § 1446 which provides that a defendant must file a notice of removal within thirty days after the receipt of the initial pleading. 28 U.S.C. § 1446(b). If the basis for removal is not set forth in the initial pleading, then a defendant must remove within thirty days of receiving "an amended pleading, motion, order or other paper from which it may be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

**B. Analysis**

Plaintiffs do not contest that GE has established all four requirements to remove this action pursuant to 28 U.S.C. § 1442. The Plaintiffs, however, argue that removal was untimely because GE had notice of a federal contractor defense through the allegations in the Complaint and Initial Fact Sheet. In opposition, GE maintains that the pleadings were insufficient to

5

put it on notice of a federal contractor defense and consequently, the thirty-day period to remove was not triggered until GE received Plaintiffs' Answers to Interrogatories. The main issue before the court is whether GE had notice of a federal contractor defense on receipt of the Complaint and Initial Fact Sheet or whether the federal contractor defense was not apparent until GE received Plaintiffs' Interrogatory Answers.

In determining whether an initial pleading is sufficient to trigger a defendant's thirty-day period to remove, a district court must analyze "whether the document informs the reader, to a substantial degree of specificity, whether all the elements of federal jurisdiction are present." Foster v. Mutual Fire, Marine & Inland Ins. Co., 986 F. 2d 48, 53 (3d Cir. 1993), rev'd on other grounds, Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344 (1999). Importantly, "the analysis for determining whether the four corners of the pleading is sufficient is an objective one: 'the issue is not what the defendant knew, but what the relevant document said.'" In re Asbestos, 770 F. Supp. 2d at 740 (citing Foster, 986 F. 2d at 53.)

Therefore, the Court must look at the allegations contained in the Complaint and the Initial Fact Sheet and determine whether there were sufficient facts presented for GE to establish the requisite elements of the federal officer removal statute. As

discussed below, the Court finds the Complaint and Initial Fact Sheet do not provide sufficient facts to establish a causal nexus between Plaintiffs' claims and the conduct performed by GE under the direction of the federal government.

Plaintiffs' Complaint and Initial Fact Sheet allege the following: (1) Mr. Barnes was employed as a fireman in the Navy from 1952-1954; (2) during his time in the Navy, Plaintiff came into contact with GE products that contained asbestos; and (3) these products caused Mr. Barnes' injuries.

Plaintiffs argue that the sole fact that Mr. Barnes worked in the Navy as a fireman and was exposed to asbestos while working in the Navy from 1952 - 1954 was sufficient to put GE on notice of a federal contractor defense. Plaintiffs contend that Mr. Barnes was alleged to work solely for the Navy from 1952-1954 and consequently, any exposure to asbestos would have been from products created for and under the direction of the Navy. Plaintiffs contend that this allegation alleviated any doubt that Mr. Barnes was exposed to asbestos while working on government, rather than commercial, equipment. Plaintiffs rely on primarily on Vedros v. Northrop Grumman Shipbuilding, Inc., No. 2:11-67281, 2012 U.S. Dist. LEXIS 108871 (E.D. Pa. Aug. 2012) and Vest v. Various Defendants (In re Asbestos Prods. Liab. Litig.), MDL No. 875, 2011 U.S. Dist. LEXIS 57232 (E.D. Pa. May 25, 2011).

In opposition, GE contends that it did not have sufficient

notice of a federal contractor defense until it received Plaintiffs' Interrogatory Answers which alleged that Mr. Barnes was exposed to asbestos from GE turbines while aboard the USS Everglades between May 29, 1950 and April 15, 1952. GE maintains that until it received this information, it could not verify that the product which allegedly caused Mr. Barnes' exposure was manufactured in accordance with Navy specifications. GE relies primarily on Snowdon v. A.W. Chesteron Co., 366 F. Supp. 2d 157 (D. Maine 2005).

Vedros, Vest, and Snowdon all involved plaintiffs who worked for companies who contracted with the military rather than plaintiffs who worked directly for the military. Consequently, all three cases are distinguishable from the instant action where Mr. Barnes is alleging exposure to asbestos through his work with the Navy, not his work through a third party company that did a mix of commercial work and contract work for the government. However, all three cases reiterate that a pleading or other paper must contain a sufficient factual basis for a defendant to assert the requisite elements of a federal contractor defense in order to trigger the thirty-day removal period. See Snowdon, 366 F. Supp. 2d at 163 ("In order to assert sufficient facts to support a removal notice that is premised on the government contractor defense, Viacom needed some information tending to establish that the decedent's exposure to asbestos related to a Westinghouse

8

product procured by the government pursuant to a contract that specifically called for the use of asbestos as a component."); Vest, 2011 U.S. Dist. LEXIS 57232, at *9 ("the inquiry is when the record revealed that the allegations against MDC satisfied the federal officer removal statute, showing that: (1) MDC was acting under the direction of a federal office with respect to the military planes at issue; (2) MDC has a colorable government contractor defense based on the military specifications for the planes; and (3) there is a causal nexus between Timothy Vest's asbestos-related injuries and MDC's military planes. Once facts supporting these three points were revealed, MDC was obligated to file a notice of removal within thirty days"); and Vedros, 2012 U.S. Dist. LEXIS 108871, at *16 ("the removal period was not triggered for Defendants at the time they were served with Plaintiffs' petition for damages because the causal nexus between Plaintiffs' claims and actions allegedly taken by Defendants under the direction of a federal officer had not yet been alleged").

In this case, Plaintiffs' Complaint and Initial Fact Sheet do not allege what GE products Mr. Barnes came in contact with, where he worked when he was employed by the Navy or what his duties were as a fireman in the Navy. Indeed, it is even unclear from the Complaint and Initial Fact sheet whether Plaintiff worked on a Navy vessel, a Navy base or some other location in

the field.  Without this information, GE could not ascertain which product allegedly caused Plaintiffs' exposure to asbestos, whether GE in fact manufactured this product and whether this product was manufactured and designed under the direction of the federal government.

Significantly, Plaintiff also alleges he was exposed to asbestos while he worked in the Bricklayers Local Union from 1954 until the mid-1970s.  The Complaint and Initial Fact Sheet do not specify whether Plaintiff worked with GE products while in the Navy or while in the Bricklayers Local Union.  Consequently, GE had no basis to determine whether Plaintiff was alleging exposure to asbestos from its military products or its non-government, commercial products.  An objective reading of the initial pleadings leaves doubt as to whether the GE products which exposed Mr. Barnes to asbestos were exclusively commercial products when he was working in the Bricklayers Local Union or government products when he was working in the Navy or both government and commercial products.  It was not clear that Plaintiffs were alleging asbestos exposure from GE turbines used on Navy vessels until they filed their Answers to Interrogatories.  As a result, the Court finds that until these Interrogatory Answers were filed, GE had no factual basis to remove this action pursuant to 28 U.S.C. § 1442.

Since GE's notice of removal was filed within thirty days of

receipt of Plaintiffs' Answers to Interrogatories, removal was timely pursuant to 28 U.S.C. § 1446.  Therefore, Plaintiffs' motion to remand will be denied.

**IV.  CONCLUSION**

For the reasons discussed herein, Plaintiffs' motion to remand will be denied.  The accompanying Order will be entered.


| **June 11, 2013** |  s/ Jerome B. Simandle |
|---|---|
| Date | JEROME B. SIMANDLE<br>Chief U.S. District Judge |